**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4739**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HAYWOOD JEROME HOLLINGSWORTH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:99-cr-00058-BO-2)

Submitted: June 22, 2010            Decided: July 6, 2010

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Haywood Jerome Hollingsworth appeals the forty-six month sentence imposed by the district court after its finding that Hollingsworth violated the terms of his supervised release. Hollingsworth's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court individually assessed the statutory sentencing factors, but concluding that because Hollingsworth received the within-Guideline range sentence that he requested, the appeal presents no meritorious issues. Hollingsworth was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a sentence imposed upon revocation of supervised release to ensure that it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires us to determine whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). In assessing reasonableness, we generally follow the procedural and substantive components employed in reviewing original sentences. Id. Only if the sentence is unreasonable do we proceed to the second step of the analysis – whether the sentence is plainly unreasonable. Id. at 438-39.

A sentence is procedurally unreasonable if the district court "'fails to adequately explain the chosen sentence.'" Thompson, 595 F.3d at 547 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)) (alteration omitted). The district court "may not presume that the Guidelines range is reasonable," but "must make an individualized assessment based on the facts presented" by applying the relevant § 3553(a) factors to the circumstances of the case. Gall, 552 U.S. 38, 50 (2007). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted).

We recently addressed in Thompson the appropriate standards of appellate review for the sort of procedural error Hollingsworth alleges here. "[A] defendant need only ask for a sentence outside the range calculated by the court prior to sentencing in order to preserve his claim for appellate review." Id. at 546. Where, as here, the party fails to preserve his claim, we review the claim for plain error. See id. at 546. Because Hollingsworth argued for, and received, a sentence within the Guideline range, he has failed to preserve his claim of procedural unreasonableness, and our review is for plain error.

To establish plain error, Hollingsworth "must show that an error (1) was made (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). Our review of the record leads us to conclude that Hollingsworth cannot show that his substantial rights were affected by the claimed error. See id. at 580 (holding that, where counsel "urged [the district] court only to impose a sentence within the Guideline range, which it did," appellant could not show that error affected his substantial rights).

Nor was the sentence imposed substantively unreasonable. We deem a sentence within the properly calculated Guideline range to be presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Here, the district court sentenced Hollingsworth within the properly-calculated Guidelines range, and Hollingsworth advances no persuasive reason to rebut the presumption of reasonableness that there be attached. Accordingly, because Hollingsworth's sentence was not unreasonable, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4